UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 23-60595-CIV-COHN/HUNT
(21-60052-CR-COHN)

WILSON PORTER,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

This matter is before this Court on Movant Wilson Porter's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, ECF No. 1, and its accompanying memorandum of law, ECF No. 1-1. The Honorable James I. Cohn previously referred this case to the undersigned United States Magistrate Judge for a report and recommendation regarding disposition of all dispositive motions. ECF No. 3; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Motion, the Government's Response, ECF No. 7, the applicable law, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that Movant's motion be DENIED.

**I. Background**

Movant was charged by Superseding Indictment with possession of a controlled substance with intent to distribute (Count 1), possession of a controlled substance analogue with intent to distribute (Count 2), carrying a firearm during a drug trafficking crime (Count 3), and possession of a firearm by a convicted felon (Count 4). Cr-ECF No.

29. On December 29, 2021, Movant's counsel filed a "Motion to Suppress Physical Evidence and Statements of Defendant." Cr-ECF No. 38. Counsel argued that "there was insufficient probable cause to issue a warrant for either [Movant's] Nissan vehicle or Lucks Inn Room 107" and that Movant's pre-arrest statements to law enforcement were "custodial," "not voluntary," "mostly without the benefit of *Miranda*," and "fruit of the poisonous tree." *Id.* at 3. After holding an evidentiary hearing, the Court granted in part and denied in part the motion to suppress on January 13, 2022. Cr-ECF No. 53. Although the Court agreed that Movant's February 10, 2021 statement "made at the scene of the traffic arrest is due to be suppressed[,]" it found that law enforcement had lawfully obtained the rest of the evidence challenged in Movant's motion. *Id.* at 7.

That same day, Movant entered into an agreement with the Government and pleaded guilty to Counts 1, 2, and 4 of the Superseding Indictment. Cr-ECF No. 50. The Government dismissed Count 3. *Id.* Movant admitted that he had been convicted of felonies multiple times and that he possessed several firearms, dozens of rounds of ammunition, cocaine, and several other controlled substances in the form of pills, powders, and rock-like substances. Cr-ECF No. 51. On March 29, 2023, the Court adjudicated Movant guilty and sentenced him to 120 months followed by three years of supervised release. Cr-ECF No. 61. Movant did not appeal.

On March 17, 2023,[1] Movant timely filed the instant Motion to Vacate, asserting two claims:

    1. His counsel was ineffective for failing to file a direct appeal; and

---

[1] Since Movant is a *pro se* prisoner, his Motion to Vacate "is deemed filed on the date it is delivered to prison officials for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

2. His counsel was ineffective for failing to file a motion under *Franks v. Delaware*, 438 U.S. 154 (1978) challenging the legality of the warrant and affidavit used to search his home and vehicle.

**II. Legal Standard**

A federal prisoner claiming that his or her sentence is unlawful may move the court that imposed the sentence to vacate, set aside, or correct it. 28 U.S.C. § 2255(a). But because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982). A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and quotations omitted). The "miscarriage of justice" exception requires a showing that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Before determining whether a claim is cognizable, a district court must find that a § 2255 movant has asserted all available claims on direct appeal. *See Lynn*, 365 F.3d at 1232 (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). Second, a district court must consider whether the type of relief the movant seeks is appropriate under

§ 2255. *Id.* at 1232-33 (citations omitted).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). To obtain this relief on collateral review, a movant must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166.

Under § 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Allen v. Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010) (quoting *Schriro*, 550 U.S. at 474).

**III. Analysis**

A. <u>Ground One</u>

Movant's first ground for relief is that trial counsel "failed to file a direct appeal." ECF No. 1 at 4. Movant explains that he was "prejudiced when his counsel rendered ineffective [sic] by not filing a direct appeal[,]" and that a reasonable attorney would have known to file an appeal because there were "appealable issues." ECF No. 1-1 at 3–4. Movant relies on two Supreme Court cases, *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) and *Garza v. Idaho*, 139 S. Ct. 738 (2019), for the proposition that counsel's failure to file a direct appeal automatically prejudiced him. *Id.* at 4. The Government responds that

4

Ground One should be denied since "Movant does not allege that he ever requested his attorney file an appeal. Nor does he address whether he discussed an appeal with his attorney." ECF No. 7 at 6.

To prevail on an ineffective-assistance-of-counsel claim, Movant must show: (1) that counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the guilty plea context, to show prejudice, the movant must establish that, but for counsel's deficient performance, "there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1984).

Where, as here, Movant alleges that "counsel was constitutionally ineffective for failing to file an appeal," deficient performance and prejudice can be established in one of two ways. *Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007). First, Movant "can show that counsel disregarded a specific instruction to file a notice of appeal." *Rios v. United States*, 783 F. App'x 886, 891 (11th Cir. 2019) (citing *Flores-Ortega*, 528 U.S. at 477). Second, Movant can demonstrate that counsel violated his "constitutionally imposed duty to consult with [Movant] about an appeal" by proving either "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that [Movant] reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. The throughline for all of these scenarios is that Movant must allege that "counsel's constitutionally deficient performance deprive[d] [him] of an appeal he otherwise would have taken[.]" *Id.* at 484.

Movant never alleges that he instructed counsel to file an appeal, nor does he

5

allege that he demonstrated an interest in appealing to counsel. *See* ECF No. 1-1.[2] Instead, Movant places the full onus on counsel and argues that counsel should have intrinsically known to file an appeal based on the presence of "appealable issues," *i.e.*, the same *Franks* issue Movant raises in Ground Two of the instant Motion. *Id.* at 4. Movant claims that the putative merits of this appeal are irrelevant because "[t]he 11th [C]ircuit have [sic] clearly stated that when counsel fails to file a direct appeal it is a constitutional violation and defendants are entitled to an evidentiary hearing." *Id.* at 3. This is a misapprehension of the law. Prejudice is only presumed if a defendant explicitly instructs his lawyer to appeal or if he otherwise "demonstrated an interest in appealing." *Gonzalez v. United States*, No. 22-22940-CIV-RUIZ, 2023 WL 122193, at *8 (S.D. Fla. Jan. 6, 2023) (citing *Rios*, 783 F. App'x at 892); *see also Garza*, 139 S. Ct. at 750 ("Accordingly where, as here, an attorney performed deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice is presumed with no further showing from the defendant of the merits of his underlying claims.") (internal quotation marks omitted). Movant did neither, so prejudice will not be presumed merely because counsel failed to file a notice of appeal. *See Flores-Ortega*, 528 U.S. at 479.

Since Movant admits that he did not tell counsel to file an appeal on his behalf, nor does he allege that he ever indicated to counsel that he was interested in an appeal, Movant is only entitled to relief if a "rational defendant" would have wanted to file an

---

[2] In fact, the record suggests the exact opposite. During his sentencing hearing, Movant said that he was willing to accept the Court's judgment even if it imposed the maximum sentence. ECF No. 8-1 at 15:1–8 ("[N]o matter what the Court's decision is today, Your Honor, it can be one day, I'll be a better person, whether its's the max—and if it is the max, Your Honor, so be it, not because I'm tough and hard and this and that. I'm ready to get my life together. I'm ready to go that way. I can't keep looking back or blaming nobody for how I did or what my situation is[.]").

appeal in his case. *Thompson*, 504 F.3d at 1207. "In making this determination, courts must take into account all the information counsel knew or should have known." *Flores-Ortega*, 528 U.S. at 480. Some factors the court should consider include "whether there are nonfrivolous grounds for appeal, whether the conviction follows a guilty plea, whether the defendant received the sentence [he] bargained for, and whether the plea agreement waived appellate rights." *Speight v. United States*, 427 F. App'x 731, 733 (11th Cir. 2011) (citing *Flores-Ortega*, 528 U.S. at 480).

The undersigned concludes that only one of these factors weighs in Movant's favor, and, consequently, that no rational defendant would have wanted to appeal. Movant freely and voluntarily pled guilty and received significant benefits from doing so. The Government agreed to dismiss Count 3 of the Superseding Indictment (a § 924(c) charge which carried a five-year mandatory minimum that would have run consecutive to any other sentence); Movant avoided the twenty-year statutory maximum for Counts 1 and 2; Movant's total offense level was reduced due to his acceptance of responsibility; and the 120-month sentence Movant received was at the bottom of this more favorable guidelines range. *See* Cr-ECF No. 50; Cr-ECF No. 58. Although the plea agreement did not require him to waive his appellate rights, Movant's voluntary decision to plead guilty, coupled with the beneficial sentence he received by pleading guilty, are strong indications that "a rational defendant in movant's position would not have wanted to pursue a direct appeal." *Howard v. United States*, No. 17-21137-CIV-MORENO, 2017 WL 6597548, at *14 (S.D. Fla. Nov. 9, 2017); *see also Otero v. United States*, 499 F.3d 1267, 1270–71 (11th Cir. 2007).

In addition, the "appealable issue" Movant identifies in the Motion would have been

frivolous. Movant says that counsel should have recognized the "grave constitutional concerns" that were uncovered during the motion to suppress briefing and swiftly moved for a *Franks* hearing. ECF No. 1-1 at 4. As the undersigned will discuss in greater detail below, this argument is meritless. Counsel would have had no legal basis to raise the *Franks* issue in the trial court or on direct appeal, so no rational defendant would have wanted to appeal this frivolous issue. *See Devine v. United States*, 520 F.3d 1286, 1288 (11th Cir. 2008). For the foregoing reasons, the undersigned respectfully recommends that Ground One of the Motion be DENIED.

B. Ground Two

Movant argues in Ground Two of his Motion that counsel was ineffective for failing to move for a *Franks* hearing. Movant alleges that the affidavit prepared by law enforcement to obtain a search warrant falsely stated that "officers [had] seen Mr. Porter with a weapon[.]" ECF No. 1-1 at 5. Movant also claims that counsel should have argued that the controlled substances found in Movant's possession were "not field tested accurately," and that charging Movant with this offense without the testimony of an "expert witness" violated his due process rights because he "did not receive and [sic] accurate reading as to the substance he was charged with[.]" *Id.* The Government responds that "[c]ounsel is not ineffective for failing to raise a nonmeritorious issue." ECF No. 7 at 9 (citing *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001)).[3]

---

[3] The Government also alleges that, by pleading guilty, Movant waived his right to challenge these non-jurisdictional issues on collateral review. ECF No. 7 at 7; *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings."). The undersigned will not address this argument since the merits of Ground Two are relevant to show that there were no nonfrivolous issues that Movant could have raised on appeal.

8

"To be entitled to a *Franks* hearing, a defendant must make a 'substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to a finding of probable cause.'" *United States v. Sarras*, 575 F.3d 1191, 1218 (11th Cir. 2009) (quoting *Franks*, 438 U.S. at 155–56). The movant bears the burden of showing that "absent those misrepresentations or omissions, probable cause would have been lacking." *Id.* (internal quotations omitted). Movant says that law enforcement lied in their search warrant affidavit about seeing Movant with a weapon, and that a warrant would not have been issued without this false statement. ECF No. 1-1 at 5. But that is not quite what the warrant affidavit said. Movant was captured on a hotel's video surveillance system holding a firearm (a still of which was included in the affidavit), and law enforcement immediately recognized Movant as the man in the video holding the weapon because they had spoken to him earlier that day. Cr-ECF No. 43-1 at 3–4. More importantly, Movant admitted in his factual proffer that he was "carrying an AR15-style rifle and walking the hotel grounds with it" and that law enforcement had correctly identified him. Cr-ECF No. 51 at 1. Movant cannot now disclaim the admissions he made in his factual proffer. *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Since the warrant affidavit accurately stated that Movant—a convicted felon—was openly carrying a rifle, counsel could not have been ineffective for failing to make a frivolous motion for a *Franks* hearing. *See Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim[.]").

Movant's "field test" argument is equally meritless. The substances in Movant's possession were tested by "DEA chemists" and Movant admits that he illegally

possessed, among other things, cocaine, eutylone, and alpha-PiHP. Cr-ECF No. 51 at 3. These admissions are binding on Movant. *See Blackledge*, 431 U.S. at 73–74. Movant's reliance on *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009) is unavailing since that case concerned whether "evidence affidavits reporting the results of forensic analysis" were "testimonial" and "subject to the defendant's right of confrontation under the Sixth Amendment." *Id.* at 307. The Confrontation Clause is not applicable here since Movant never alleges that testimonial evidence was admitted against him without a prior opportunity for cross-examination. *Cf. United States v. Campbell*, 743 F.3d 802, 808 (11th Cir. 2014) (holding that the Confrontation Clause does not apply in "pre- and post- trial proceedings that do not concern the adjudication of a defendant's guilt or innocence"). Counsel could not have been ineffective for making this irrelevant argument. *See Freeman*, 536 F.3d at 1233. The undersigned respectfully recommends that Ground 2 be DENIED.

### IV. Evidentiary Hearing

The undersigned concludes that Movant is not entitled to an evidentiary hearing because "the motion and the files and records of the case conclusively show that [movant] is entitled to no relief[.]" 28 U.S.C. § 2255(b).

### V. Recommendation

Based upon the foregoing, the undersigned hereby RECOMMENDS that Movant's § 2255 Motion be DENIED. The undersigned further RECOMMENDS that pursuant to Rule 11 of the Rules Governing Section 2255 Cases, Movant be DENIED a certificate of appealability because he has failed to make a substantial showing that he was denied a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); see *Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Fort Lauderdale, Florida, on this 8th day of February 2024.

_____
**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Counsel of record via CM/ECF

Wilson Porter
96251-004
Coleman Medium FCI
Inmate Mail/Parcels
P.O. Box 1032
Coleman, FL 33521
PRO SE